COUNXEL

*2222 S. Dobson Rd Suite 1104*
*Mesa, Arizona 85202*
*Office: (480) 536-6122*
*www.counxel.com*
**For Court Use Only: docketing@counxel.com**
Leeza Birko (036745)
LBirko@counxel.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| John Carpenter, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>The Learning Journey International, a limited liability Company doing business in Arizona,<br><br>　　　　　Defendant. | No:<br><br>Complaint |

Plaintiff John Carpenter ("Mr. Carpenter") by and through undersigned counsel, hereby alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Mr. Carpenter was at all times relevant herein a resident of Maricopa County, Arizona.

2. Defendant The Learning Journey International ("TLJI") is an Arizona limited liability company doing business in Maricopa County, Arizona.

1

3. At all times relevant herein, Mr. Carpenter was an employee of TLJI and worked at TLJI located in Maricopa County, Arizona.

4. All acts, agreements, and contracts hereinafter alleged were to be substantially performed, and completed in Maricopa County, Arizona.

5. The Defendant herein, is intended to represent individuals acting either in its individual capacities, or as agents, representatives, directors, shareholders, or employees duly authorized and were acting within its employment with regards to the transactions hereinafter alleged.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA").

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Mr. Carpenter resides in this district and all defendants reside in the State of Arizona.

**GENERAL ALLEGATIONS**

8. TLJI employed Mr. Carpenter as an industrial designer for its educational toy manufacturing company for approximately five years prior to terminating Mr. Carpenter's employment.

9. The COVID-19 pandemic struck Arizona in or around March 2020.

2

10. In early 2021, several vaccines were made available to the American public which provoke a response in the human immune system to temporarily provide an imperfect and temporary acquired immunity to COVID-19.

11. Each vaccine designed to protect against COVID-19 infection has inherent dangers and poses a risk to the health and wellbeing of individuals with certain disabilities.

12. Starting on or around April 2021, TLJI adopted a strict set of rules, forcing all employees to be vaccinated against COVID-19 by May 15, 2021 or be fired.

13. TLJI provided an employee handout that mandated any employee with a disability-related reason not to be vaccinated against COVID-19 to obtain and return a physician's note evidencing their disability.

14. During that time TLJI had implemented safety protocols to prevent potential spread of COVID-19 in the workplace by requiring face masks, maintaining social distancing, and allowing work from home.

15. Following the instructions contained in TLJI's employee handout,

16. Mr. Carpenter obtained and returned to his employer the required doctors note (the "Physician's Note").

17. Plaintiff's doctor explained in the Physician's Note that Mr. Carpenter suffers from a health condition that makes the COVID-19 vaccine dangerous and unsafe for him.

18. Even though Mr. Carpenter followed TLJI's orders, and even though a physician provided more than enough information to help TLJI understand that Mr.

3

Carpenter is a disabled individual who cannot receive any dose of a COVID-19 vaccine without endangering his own health, TLJI decided it knows better than medical experts and pressed Mr. Carpenter to sign an unlimited medical access pass (the "Consent Form") so that TLJI could obtain any of Mr. Carpenter's protected health information it desired.

19. Health information is protected by laws such as Health Insurance Portability and Accounting Act (together with related acts and administrative guidelines, "HIPAA") and Medical Protection Act, and such protected information is not for employer use or employer benefit.

20. TLJI already had sufficient medical information to make an informed and responsible decision to care for its disabled employees. It cannot use this information to target employees with disabilities and force them to sign away their protected health information under HIPAA.

21. Mr. Carpenter asserted his right to maintain the confidentiality of his sensitive and protected health records.

22. TLJI has no reasonable justification for additional information beyond the expert opinion of Mr. Carpenter's physician.

23. TLJI attempted to access Mr. Carpenter's protected health information to override the physician's judgment in favor of its own medical 'expertise'.

24. TLJI's unethical mandate to look at Mr. Carpenter's health information was nothing more than a pretext to fire Mr. Carpenter and to avoid exempting him from the very policies it had adopted.

25. On or around May 11, 2021, TLJI fired Mr. Carpenter.

26. Prior to TLJI enforcing its unethical COVID-19 policies, TLJI did not have cause to reprimand Mr. Carpenter or to terminate his employment. Plaintiff has not been able to secure employment since being harassed, discriminated against, and finally terminated from steady employment.

## CLAIM ONE

## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE ADA, 42 U.S.C. §§ 12101 *et seq.*

27. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

28. On or around April 30, 2021, Mr. Carpenter's physician diagnosed Mr. Carpenter with health issues related to his thyroid, making him a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111 of the ADA. Mr. Carpenter could perform the essential functions of his position with a reasonable accommodation.

29. In April 2021, Mr. Carpenter notified TLJI about his disability and requested a reasonable accommodation.

30. TLJI refused to engage in the interactive process and denied Mr. Carpenter's request.

31. Mr. Carpenter suffered damages as a result of TLJI's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

32. TLJI intentionally violated Mr. Carpenter's rights under the ADA with malice or reckless indifference. As a result, it is liable for punitive damages.

## CLAIM TWO

## VIOLATION OF AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. §§12101 *et seq.*

33. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

34. Defendant discriminates against "qualified individual[s] with a disability" within the meaning of the ADA by requiring employees to be vaccinated with the COVID-19 vaccine in order to remain employed by Defendant.

35. The acts and omissions addressed in this Complaint constitute discrimination in violation of Title II of the Americans with Disabilities Act and implementing regulations. 42 U.S.C. § 12132, 28 C.F.R. § 35.130(d).

36. Unless restrained by the Court, Defendant will continue to engage in the acts and omissions set forth in paragraphs 9-16 that deprive Defendant's employees of rights, privileges, or immunities secured or protected by federal law, and will cause irreparable harm to these employees.

## CLAIM THREE

## RETALIATION IN VIOLATION OF THE ADA, 42 U.S.C. §§ 12101 *et seq.*

37. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

38. Mr. Carpenter was qualified for his position when TLJI fired him.

39. Mr. Carpenter engaged in a protected activity by complaining to TJLI about its discriminatory treatment based on Mr. Carpenter's disability and requests for a reasonable accommodation.

40. After Mr. Carpenter complained of disability discrimination, TLJI summarily fired him allegedly because he would not turn over his protected health information.

41. Mr. Carpenter suffered damages as a result of TLJI's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

42. TLJI, through its agents, engaged in unlawful retaliatory actions in violation of the ADA with malice or reckless indifference and, as a result, is liable for punitive damages.

## CLAIM FOUR

**FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE ARIZONA CIVIL RIGHTS ACT, A.R.S. §§ 41-1401, *et seq*.**

43. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

44. Mr. Carpenter suffers from physical impairments that make him disabled within the meaning of A.R.S. § 1461 of the Arizona Civil Rights Act ("ACRA").

45. As set forth fully above, Mr. Carpenter notified TLJI about his disability and requested a reasonable accommodation but refused to reasonably accommodate him.

46. Mr. Carpenter suffered damages because of TLJI's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

47. TLJI intentionally violated Mr. Carpenter's rights under the ACRA with malice or reckless indifference. As a result, it is liable for punitive damages.

## CLAIM FIVE

## RETALIATION IN VIOLATION OF THE ARIZONA CIVIL RIGHTS ACT, A.R.S. § 41-1401, *et seq.*

48. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

49. Mr. Carpenter was qualified for his position when TLJI fired him.

50. Mr. Carpenter engaged in a protected activity by complaining to TLJI about its discriminatory treatment based on Mr. Carpenter's disability and requests for a reasonable accommodation.

51. After Mr. Carpenter complained of disability discrimination, TLJI summarily fired him allegedly because he would not turn over his protected health information.

52. Mr. Carpenter suffered damages as a result of TLJI's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

53. TLJI, through its agents, engaged in unlawful retaliatory actions in violation of the ACRA with malice or reckless indifference and, as a result, is liable for punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Mr. Carpenter respectfully requests judgment as follows:

54. Accept jurisdiction over this matter;

55. Award Plaintiff for his past and future loss of wages and benefits, plus interest;

56. Award Plaintiff compensatory and punitive damages;

57. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

58. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable in this action.

RESPECTFULLY SUBMITTED this 11th, day of May, 2022.

**COUNXEL LEGAL FIRM**

*/s/ Leeza Birko*
Leeza Birko
2222 South Dobson Rd. Suite 1104
Mesa, AZ  85202
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF Registrant:

*/s/ Carolyn Button*